**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN RICHARD MCDOWELL,

Petitioner,

v. Case No. 3:23-cv-405-WWB-PDB

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent.

---

**ORDER**

THIS CAUSE is before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("**Petition**," Doc. 1) and Memorandum of Law in Support (Doc. 2) thereof, Respondent's Motion to Dismiss construed as a response to the Petition ("**Response**," Doc. 6), and Petitioner's Response construed as a reply ("**Reply**," Doc. 8) thereto. For the reasons stated in this Order, the Petition will be dismissed as untimely.

## I. PROCEDURAL HISTORY

On December 13, 2016, a jury found John Richard McDowell ("**McDowell**") guilty of trafficking in amphetamine and use or possession of drug paraphernalia. (Doc. 6-4). On December 15, 2016, the trial court sentenced McDowell to twenty-five years in prison on the trafficking charge and time served on the use or possession charge. (Doc. 6-5). On June 5, 2018, Florida's First District Court of Appeal ("**First DCA**") per curiam affirmed McDowell's convictions and sentences without a written opinion, *see McDowell v. State*,

247 So. 3d 426 (table) (Fla. 1st DCA 2018), and issued the mandate on June 26, 2018. (Doc. 6-6).

On January 24, 2019 (mailbox[1]), McDowell filed his first pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court summarily denied on April 3, 2019. (Doc. Nos. 6-7, 6-8). On February 7, 2020, the First DCA per curiam affirmed the denial of the motion without a written opinion, *see McDowell v. State*, 290 So. 3d 460 (table) (Fla. 1st DCA 2020), and issued the mandate on March 6, 2020. (Doc. 6-9).

On February 13, 2020 (mailbox), McDowell filed his second and successive Rule 3.850 motion, which the trial court summarily denied on June 8, 2020. (Doc. Nos. 6-10, 6-11, 6-12). On April 5, 2021, the First DCA per curiam affirmed the denial of the second motion without a written opinion, *see McDowell v. State*, 322 So. 3d 625 (table) (Fla. 1st DCA 2021), denied rehearing on July 30, 2021, and issued the mandate on August 20, 2021. (Doc. 6-12).

On September 24, 2021 (mailbox), McDowell filed his third Rule 3.850 motion, which the trial court summarily denied on March 18, 2022. (Doc. Nos. 6-13, 6-14). The trial court explained:

> *In the instant motion, [McDowell] alleges that his claim is not procedurally barred by the 2-year time limitation for filing a Rule 3.850 motion, because his claim is predicated on newly discovered evidence. See* Fla. R. Crim. P 3.850(b)(1). Specifically, [McDowell] argues that on May 7, 2021, an individual, John Thomas, came forward with the claim that he met Jonathan Yarbrough while in the Baker County Jail, and Mr. Yarbrough told him that he worked as a confidential informant to receive favorable sentencing outcomes. Further, Mr. Thomas alleged that Mr. Yarbrough admitted that he would often "plant drugs on people at the direction" of law enforcement, and he specifically recalled Mr. Yarbrough admit to planting drugs on

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (mailbox rule).

[McDowell]. [McDowell] attached an affidavit purportedly from John Thomas. This Court notes that the affidavit is not notarized.

*The statement from Mr. Thomas does not qualify as newly discovered evidence*. "To qualify as newly-discovered, the evidence 'must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence.'" *Rolack v. State*, 93 So. 3d 450, 452 (Fla. 3d DCA 2012) (quoting *Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998)). Further, "the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial." *Schofield v. State*, 32 So. 3d 90, 92 (Fla. 2d DCA 2009) (citing *Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998)). "If the defendant is seeking to vacate a sentence, the second prong requires that the newly discovered evidence would probably yield a less severe sentence." *Marek v. State*, 14 So. 3d 985, 990 (Fla. 2009) (citing *Jones v. State*, 591 So. 2d 911, 915 (Fla. 1991)).

The claim that Mr. Yarbrough planted drugs in [McDowell's] car was not unknown at the time of trial. It is clear from the record that the theory of defense was that [McDowell] was not in constructive possession of a trafficking amount of methamphetamine because Mr. Yarbrough left the drugs in the car, unbeknownst to [McDowell]. [McDowell] testified that he thought Mr. Yarbrough planted the drugs in his vehicle to gain leniency with respect to the criminal charges against he [sic] and his mother. In his first motion, [McDowell] alleged in ground I that trial counsel was ineffective for failing to call Mr. Yarbrough at trial. [McDowell] alleged that Mr. Yarbrough would have testified that he was a confidential informant sent to purchase drugs from [McDowell], which this Court concluded would not support his theory of defense. In his second motion for post-conviction relief, [McDowell] argued that trial counsel was ineffective for failing to call Mr. Yarbrough as a witness, as he was available to testify and would testify that he placed the trafficking amount of methamphetamine in [McDowell's] car. In denying his claim, this Court found that [McDowell's] claim was speculative, as he attached no affidavit containing Mr. Yarbrough's intended testimony, and that trial counsel had his investigator interview Mr. Yarbrough in advance of trial and relied on a reasonable doubt strategy at trial. In addition, [McDowell] raised the claim of ineffective assistance of counsel for trial counsel's failure to investigate a third-party witness, Mr. Goblet, who would testify that Mr. Yarbrough planted drugs on him in the same manner as the instant case, which this Court denied. The record reflects that trial counsel made a strategic decision not to call Mr. Yarbrough as a witness at trial, because he refused to answer any of the investigator's questions.

Even if [McDowell] was granted a retrial, it is unlikely that Mr. Thomas would be permitted to testify regarding Mr. Yarbrough's purported statements,

> because it is [sic] inadmissible hearsay. The statements do not meet the hearsay exception of a statement against interest because Mr. Yarbrough allegedly acted at the direction of law enforcement. *See* § 90.804(2)(c), Fla. Stat. Further, there is no corroborating evidence to support that Mr. Yarbrough planted drugs at the direction of law enforcement. *See Smith v. State*, 312 So. 3d 523, 526 (Fla. 1st DCA 2020).
>
> *Thus, [McDowell] has not produced newly discovered evidence and his claim is raised without merit.*

(Doc. 6-14 at 3–5 (internal record citations and paragraph numbering omitted; emphasis added)). On October 17, 2022, the First DCA per curiam affirmed the denial of the third Rule 3.850 motion without a written opinion, *see McDowell v. State*, 349 So. 3d 265 (table) (Fla. 1st DCA 2022), and issued the mandate on November 14, 2022. (Doc. 6-18). On April 5, 2023 (mailbox), McDowell filed the present Petition. (Doc. 1 at 8; Doc. 2 at 10).

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("**AEDPA**") imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. ANALYSIS

Respondent contends that McDowell has not complied with the federal one-year limitations period set forth in 28 U.S.C. § 2244(d). (*See* Doc. 6). On June 5, 2018, the First DCA per curiam affirmed McDowell's convictions and sentences without a written opinion. (Doc. 6-6). Because Florida law does not permit the Florida Supreme Court to review an affirmance issued without a written opinion, *see* Florida Rule of Appellate Procedure 9.030(a)(2), McDowell's convictions and sentences became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. *See Chamblee v. Florida*, 905 F.3d 1192, 1198 (11th Cir. 2018); *Chavers v. Sec'y, Fla. Dep't of Corrs.*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (stating that "[t]he judgment becomes 'final' on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari," and holding that "the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)").

Here, the time for McDowell to file a petition for writ of certiorari expired on Monday, September 3, 2018, or ninety days after the First DCA's affirmance on June 5, 2018.

When McDowell did not file a petition for writ of certiorari, his judgments and sentences became final the next day, September 4, 2018. His federal limitations period began to run on September 5, 2018, and he had until September 5, 2019, to file a federal habeas petition. Because he did not file his Petition until April 5, 2023, the Petition must be dismissed as untimely unless he can avail himself of the statutory provisions that extend or toll the limitations period.

The limitations period was tolled by McDowell's first and second Rule 3.850 motions, which were filed on January 24, 2019, and February 13, 2020, respectively. The limitations period remained tolled until the First DCA affirmed the denial of the second Rule 3.850 motion and issued the mandate on August 20, 2021.[2] The next business day, August 23, 2021, the limitations period commenced running and ran for 224 days until it expired on April 4, 2022, without another properly filed motion to toll the limitations period. *See* Fed. R. Civ. P. 6(a)(1)(C). McDowell filed his federal Petition a year later—on April 5, 2023.

Notably, McDowell's third Rule 3.850 motion, filed on September 24, 2021, did not toll the limitations period because it was not a "properly filed" motion. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (holding that when a state court rejects a post-conviction motion as untimely under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)," meaning that the motion is not "properly filed" and petitioner is not entitled to statutory tolling); *Jones v. Sec'y, Fla. Dep't of Corrs.*, 906 F.3d 1339, 1350 (11th Cir. 2018) (deferring to the state court's ruling that a Rule 3.850 motion was untimely

---

[2] The second Rule 3.850 motion was filed *before* the First DCA issued the mandate regarding the first Rule 3.850 motion; as such, tolling continued until the First DCA issued the mandate regarding the second Rule 3.850 motion. (*See* Doc. Nos. 6-9, 6-10).

and thus finding that the motion was not "properly filed" and did not toll AEDPA's one-year limitations period); *Webster v. Moore*, 199 F.3d 1256, 1257–59 (11th Cir. 2000) (finding that a Rule 3.850 motion that the state court dismissed as untimely was not "properly filed" within the meaning of § 2244(d)(2) so as to entitle petitioner to statutory tolling and explaining that a federal court must give due deference to a state court's application of state filing deadlines in the context of § 2244(d)(2)); *Foley v. Sec'y, Fla. Dep't of Corrs.*, No. 3:19-cv-986, 2021 WL 4690668, at *3 (M.D. Fla. Oct. 7, 2021)[3] (deferring to a state court's ruling that a 3.850 motion was untimely and thus not "properly filed" for purposes of tolling the AEDPA limitations period).

Here, the trial court denied McDowell's third Rule 3.850 motion as untimely under Rule 3.850(b)(1), after rejecting McDowell's newly discovered evidence claim. (Doc. 6-14 at 3–5). In other words, the trial court considered the merits of McDowell's newly discovered evidence claim so it could determine whether the motion was timely under Rule 3.850(b)(1). Importantly, an untimely Rule 3.850 motion is not "properly filed," even when the trial court also considers the merits thereof. *See Jones*, 906 F.3d at 1346 n.3 (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002), for the proposition that if a state court finds a post-conviction motion to be untimely, that finding conclusively resolves the issue "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits").

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Based on the foregoing, McDowell's Petition must be dismissed as untimely unless he can establish either equitable tolling or actual innocence. McDowell does not plausibly argue that he is entitled to equitable tolling and there are no allegations that would support due diligence or extraordinary circumstances beyond his control.[4] *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Cadet v. Fla. Dep't of Corrs.*, 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does he claim actual innocence as a gateway to federal habeas review. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Respondent's request to dismiss the case as untimely (Doc. 6) is **GRANTED**, and this action is **DISMISSED with prejudice**.
2. The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.
3. If McDowell appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending

[4] While maintaining that his Petition is timely, McDowell faults Respondent for waiting until after the limitations period expired to raise the untimeliness issue. (Doc. 8 at 3). McDowell's argument ignores the fact that his Petition was untimely when filed. Moreover, while McDowell labels his argument as "one based on equitable principles involving fundamental fairness and procedural due process," and states that the Court would be "complicit in perpetuating a manifest injustice" if it allows Respondent's "approach to prevail" (*id.*), McDowell's assertions are insufficient to support equitable tolling.

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[5]

**DONE AND ORDERED** in Jacksonville, Florida on August 7, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-11
c:
John Richard McDowell, #299532
Counsel of Record

---

[5] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.